NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-977

JPMORGAN CHASE BANK, N.A.[1]

vs.

CARETTE YOUNG.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a Superior Court judgment that (1) declared a G. L. c. 183, § 5B, affidavit (§ 5B affidavit) that she recorded with respect to her property in Weymouth (Weymouth property) to be "null, void, and of no effect," and (2) dismissed all her counterclaims with prejudice.  The essence of the judge's reasoning was that, no later than January 2016, the defendant had entered into a binding "Release and Settlement Agreement" (2016 settlement agreement) with the plaintiff/mortgagee, JPMorgan Chase Bank, N.A. (the Bank), with respect to the Weymouth property, and that the defendant had thereafter prepared and filed the § 5B affidavit in clear violation of the 2016 settlement agreement.  We affirm.

_____

    [1] Successor by merger to Chase Home Finance LLC.

The defendant's mother obtained the Weymouth property in 1979.  In 2006, the Bank made a mortgage loan to the defendant's mother and obtained a mortgage on the property.  Shortly after the loan was made, title was transferred to the defendant.  Payments on the mortgage ceased in 2008.  The Bank initiated foreclosure proceedings and in 2012, the defendant sued the Bank (2012 litigation).  The defendant's complaint raised a variety of claims, some of which sought to prevent foreclosure or to establish that the Bank was legally unable to foreclose.

The 2012 litigation was resolved by the 2016 settlement agreement, which the defendant and the Bank signed.  Key terms of the 2016 settlement agreement included:  (1) that the defendant's claims were dismissed with prejudice, (2) that the defendant provided a general release of all claims that she had asserted or could have asserted against the Bank, (3) that the defendant would vacate the Weymouth property within ninety days, (4) that the defendant would "take no action and raise no issue in an effort to defend against, inhibit, or otherwise negatively impact any foreclosure sale of the [p]roperty," and (5) that the Bank would make a monetary payment to the plaintiff, which the Bank in fact did.

The defendant did not vacate the premises, and thereafter, in 2017, the defendant filed the § 5B affidavit.  The § 5B affidavit stated, among other things, that the Bank's 2006

2

mortgage had been "discharged by operation of law," and that "[a]ny attempted foreclosure of the [2006] mortgage will be null and void, as there is no longer a mortgage to foreclose." The affidavit did not mention the 2016 settlement agreement.

The Bank initiated the present action in 2020, seeking to have the § 5B affidavit declared a nullity; the defendant answered and filed counterclaims. The Bank eventually moved for summary judgment on its claims and the defendant's counterclaims, which the defendant opposed. The judge held a hearing on the summary judgment motion, during which the judge, among other things, (1) confirmed that the defendant did not take issue with the Bank's statement of undisputed facts, and (2) confirmed that the defendant had presented all arguments she wished to present in opposition to summary judgment. The judge then granted summary judgment to the Bank.

There is no dispute that the defendant breached the 2016 settlement agreement in several ways, including by failing to vacate the premises and by filing the § 5B affidavit, the latter of which had the effect of forestalling foreclosure. On this appeal the defendant does not rely on the arguments she made in opposition to summary judgment but instead relies on a new argument -- in essence, that the 2016 settlement agreement was induced by fraud, because (the defendant now argues), her mother did not sign the actual 2006 promissory note in her personal

3

capacity.  The Bank points out that this argument was not previously made in opposition to summary judgment, and we have been pointed to no evidence that it was.[2]  In these circumstances, where the argument was not made to the trial court, the defendant may not raise it for the first time on appeal.  See, e.g., Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

The judgment is not erroneous.  The defendant's actions in filing the § 5B affidavit were precluded, among other reasons, by the express language of the 2016 settlement agreement and by the release contained therein.

Judgment affirmed.

By the Court (Rubin,
Englander & D'Angelo, JJ.[3]),

Assistant Clerk

Entered:  May 28, 2024.

---

[2] The defendant does not argue that she raised this fraud in the inducement argument in opposition to the Bank's motion for summary judgment.  In her appellate brief, the defendant suggests that she raised the issue in her answer and counterclaims.  We do not agree that she did so, but in any event, she did not bring it to the attention of the judge in her summary judgment opposition or at the hearing.

[3] The panelists are listed in order of seniority.